BOYD, Justice,
dissenting.
Hargrave v. State, Supreme Court Case No. 48,135, Opinion filed June 30, 1978 and the committee note notwithstanding, I believe Florida Rule of Criminal Procedure 3.710 mandates presentence investigations and recommendations for the sentencing judge’s consideration in capital cases where the defendant is under 18 years of age or the conviction for the capital offense is the defendant’s first felony conviction. Given my construction of the rule, that it requires reports in some capital cases, I would amend the rule to extend the requirement to all capital cases. As Justice Hatchett has written in this proceeding, if the PSI reports have a potentially beneficial impact on the capital sentencing process every defendant facing a death sentence should be afforded the benefit. Post, at 656 (Hatchett, J., dissenting).
During oral argument a number of the parties stressed the potential benefit to the defendant conferred by the presentence investigation report. My review of the reports that have come before this Court in capital cases has led me to the conclusion that, at times, they offer the defendant some benefit. It must be taken as true that at least in some cases the report will show a defendant in a better light than the facts of the capital crime, and therefore is a mitigating aid to the defendant. In view of this fact, for the sentencing judges to provide some capital defendants resources to turn up mitigating factors, but deny those resources to others, is unquestionably a denial of equal protection. Moreover, in those cases in which the sentencing judge denies the defendant’s request for consideration of a report, I think a sentence of death may not be imposed without violating the constitutional ban on cruel and unusual punishment. In Lockett v. Ohio,-U.S.-, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), the United States Supreme Court announced,
[T]he Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case [prisoner or escapee under life sentence commits murder], not be precluded from considering as a mitigating factor, any aspect of a defendant’s character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death. Id. at-, 98 S.Ct. at 2965.
This announcement of the Court means to me that, as long as the court retains presen-tence investigation reports, with their potential mitigating effect, “as a discretionary tool for sentencing judges in capital cases,” it must require the sentencing judge to consider a report whenever the defendant requests consideration.
I would require consideration of the report in every capital case. And I believe that constitutionally a report must be considered by the sentencing judge at the request of any defendant convicted of a capital offense. I dissent.